M. Frazer *v.* J. C. Merrell.

**Pleading—Execution—Error in Name and Description.**
>When the plaintiff avers that he is the owner of certain described real estate and entitled to the possession thereof, an answer that it is untrue that plaintiff is the owner and entitled to possession is not equivalent to a general denial, and does not put plaintiff to the proof.

**Execution.**
>The mistake of the clerk of court in issuing an execution returnable at the wrong time did not affect its validity.

**Error in Name.**
>Where land is levied upon as the property of Ball and sold as the property of Baugh, the irregularity, while furnishing ground to quash the levy, does not render the levy and sale void and could not be taken advantage of in a collateral proceeding.

**Error in Description.**
>An execution and sale not describing the land so it could be identified is defective and void.

APPEAL FROM LAWRENCE CIRCUIT COURT.

September 3, 1875.

OPINION BY JUDGE COFER:

We do not regard any of the objections urged by the counsel for appellant as to the validity of the levy and sale under appellee's execution, as maintainable.

The first paragraph of the answer was not sufficient to put the appellee upon the proof of his title. The statement in that paragraph is that it is untrue that the plaintiff is the owner and entitled to the possession. If the plaintiff was the owner but was not entitled to possession, or if he was entitled to possession but was not the owner, the answer would still be true, that he was not the owner and entitled to possession. If it was designed to put the appellee to proof of his title, the answer should have contained a denial that he was the owner or entitled to the possession.

The first objection to the validity of the title under which the appellant alleges that the appellee claims the land, is that the execution was issued August 18, 1862, and made returnable March 1, 1863. The act of March 15, 1862, provided that executions issued on replevin bonds executed after the passage of that act, should be made returnable to the first Monday in March, 1863. The replevin bond upon which the appellee's execution issued is not in the record; but

the appellant alleges that it was issued on a replevin bond, and it commands the officer to collect the sum of $70.78, with interest from May 15, 1862. Replevin bonds bear interest from their date, and we must presume that it bore the date from which interest is directed to be collected. The mistake of the clerk in directing the execution to be returnable on the first day instead of the first Monday in March, did not affect its validity.

The land was levied on as the property of Ball, and was sold as the property of Baugh. This irregularity might possibly have furnished ground upon which to quash the levy and sale in a direct proceeding for that purpose, but did not render either the levy or sale void, and could not, therefore, be taken advantage of in a collateral proceeding.

We concur with the circuit court in the opinion that judgment in the two cases of *Kenners v. Baugh* were void. There is no such description of the land adjudged to be sold as would enable the officer or the purchaser to identify it. It is described in one petition as "lying and being in Lawrence County on Rooe Creek, and known as the Bronson Tomlin patent," in the judgment as the land described in the petition; and in the commissioner's report as the land described in the judgment. In the other case the land is described as lying in Lawrence County, being the land on which Baugh then resided. It no where appears what number of acres the tract contained, or was supposed to contain; and no reference is made to any record or muniment of title from which a description could be obtained. Appellee may, from familiarity with the neighborhood, have known that the land sought to be sold in one or the other or both of these cases, was the land on which his *fi. fa.* was levied; but he could not possibly have gained any such knowledge from the record of either case, so far as the appellant is concerned, as it is·but little if any more specific than those in the cases of *Kenners v. Baugh.*

We can learn from the record that some of the debts due to Kenners were a lien on a part of Baugh's land, but whether upon that part claimed by the appellee we are unable to ascertain. So far as these debts were a lien on the land now in contest, the appellant has a right to be substituted for Kenners; and if such claim had been set up it might have been enforced in this suit; but that not having been done, we cannot reverse the judgment on that ground, but must leave the appellant to assert it, if he chooses, in a new action.

The facts alleged in the cross petition against Kenners do not constitute a cause of action. They did not become warrantors of the

title to the land and if they had, the cross petition would still be defective.

Judgment *affirmed.*

*Apperson & Reid, for appellant.*